Footnotes in HTML versions of opinions are designated by superscript
“balloons” and are not numbered. For an exact copy of the opinion, retrieve the
Adobe PDF version.

IN THE SUPREME COURT OF TEXAS

════════════
No. 04-1003 
════════════

Arturo Flores, et al., Appellants,

v.

Millennium Interests, Ltd., et al., Appellees

════════════════════════════════════════════════════
On Certified Questions from the United States Court of Appeals 
for the Fifth Circuit 
════════════════════════════════════════════════════


Argued February 15, 2005


            Justice Brister, joined by Chief Justice Jefferson and Justice Green, dissenting.


            The Court answers three certified questions “No”, “No”, and “Not applicable”. As the
express words of several statutes require each question to be answered affirmatively, I respectfully
dissent.
            In an effort to protect those who buy property by contract-for-deed, the Legislature mandated
that various disclosures “shall” be made by sellers.


 Given the purposes behind the statute, there is
no question the Legislature intended these disclosures to be mandatory.


 
            Among these mandatory disclosures is an annual statement.


 That statement “must include”
seven listed items.


 To ensure compliance, failure to send an annual statement is punishable by
“liquidated damages” of $250 per day plus attorney’s fees.



            In answering the first certified question, the Court “strictly” construes the statute to require
fewer items than the statute itself says “must” be included. That is not a very strict construction. 
Nor does it comply with the legislative mandate that we give the entire statute effect.



            In place of the seven statutory items an annual statement “must include,” the Court says the
statement need only be “a good faith attempt . . . to inform the purchaser of the current status of their
contractual relationship.”


 What items such an attempt might include is left for future litigation. 
After today, instead of a right to specific information, buyers have a right only to litigate whether the
statement they got is good enough.
            It is true that subsection (a) of the statute mandates annual statements, subsection (b) says
what they must include, and subsection (c) states the consequences if a seller “fails to comply with
Subsection (a).” But the latter does not mean the Legislature intended to penalize only those who
sent nothing at all. Subsection (b) makes clear that a statement without the required information is
not an “annual statement,” and thus necessarily violates subsection (a). The Court’s construction
leaves no penalty at all for giving less information than the Legislature required, violating the rule
that “we must always consider a statute as a whole and attempt to harmonize its various provisions.”


 
            In place of the explicit statutory requirements, the Court adopts good-faith and substantial-compliance standards. These are important and often appropriate standards, but not the ones the
Legislature chose to employ here. More important, they are ambiguous at the edges, requiring case-by-case adjudication. That may be good news for those employed in litigation, but not for buyers
by contract-for-deed.
            The third certified question inquires whether the “liquidated damages” imposed by this
statute are “exemplary damages” subject to the substantive and procedural limits of Chapter 41 of
the Texas Civil Practices and Remedies Code. That chapter applies broadly to “any action in which
a claimant seeks exemplary damages relating to a cause of action,”


 and defines such damages as
“any damages awarded as a penalty or by way of punishment.”


 
            The purchasers argue that Chapter 41 is inapplicable because the damages sought here are
designated in the statute as “liquidated” rather than “exemplary” damages. But the caps and other
limits on exemplary damages cannot be avoided by simply calling them something else. Chapter 41
defines such damages by what they do, not what they are called. Similarly, “liquidated damages”
in its ordinary meaning (which we must use as the annual-statement statute does not define the
term)


 also turns on substance rather than sobriquet.


 Thus, whether Chapter 41 applies to the fees
imposed here depends not on what they are called, but whether they are “a penalty or by way of
punishment.” 
            The nature of fine here does not make that a difficult question. The fine is assessed daily,
though nothing in either the statute or logic suggests how a missing annual statement would cause
harm at that regular interval. Further, damages of $250 a day would total $7,500 a month and more
than $90,000 a year, figures that all parties and amici assure us are well beyond both the sale price
of these properties and the financial resources of those who buy them. And as the buyers themselves
concede is the case here, the statutory damages accrue even if the buyers have suffered no damages
whatsoever. As a matter of law, the damages imposed here are “a penalty or by way of punishment,”
and Chapter 41 applies by its explicit terms.
            According to the purchasers, the consequences of taking Chapter 41 at its word would be
“staggering,” and would “destroy[] every legislatively enacted damage provision.” First of all, while
the application of Chapter 41 to such fees is a new question, the characterization of them as penal
or compensatory is not. More than a century ago, this Court held that a flat fine of $500 was a
penalty, even though designated by statute as “liquidated damages.”


 
            Second, the examples the purchasers proffer do not support such exaggerated fears. Two of
their examples — attorney’s fees and discovery sanctions — are compensatory rather than punitive. 
Others either do not relate to a cause of action


 or were the subject of earlier exceptions expressly
repealed by the Legislature.


 
            Finally, and most importantly, Chapter 41 expressly provides that its provisions “prevail over
all other law to the extent of any conflict.”


 That leaves little room for exceptions. We cannot
presume (as the purchasers do) that the drafters of Chapter 41 forgot about statutory fines like the
one here; but even if they did, that would not authorize us to edit their draft.


 “If Parliament does
not mean what it says, it must say so.”


 
            As to the second certified question, while the annual statement statute does not require proof
of actual damages, Chapter 41 generally permits exemplary damages only if actual damages are more
than nominal.


 But for causes of action accruing before September 1, 2003 (the time frame
applicable to the claims here), actual damages were not a prerequisite if there was clear and
convincing evidence of statutory malice.


 Thus, the answer to this question should be “Yes, absent
clear-and-convincing evidence of malice.” 
            While the statute here plainly mandates a daily penalty for every minor omission from an
annual statement, the provisions of Chapter 41 plainly ameliorate those penalties when there has
been little or no harm. By construing the statutes this way, we might have avoided both eviscerating
the annual-statement statute and bestowing financial bonanzas on those who fail to receive them. 
The answer to all three certified questions should be “Yes”; because the Court concludes otherwise,
I respectfully dissent.
 
                                                                        ________________________________________
                                                                        Scott Brister
                                                                        Justice
 
OPINION DELIVERED: September 30, 2005